981 F.2d 443
 119 A.L.R.Fed. 713, 61 USLW 2379
 Ophelia Y. MOORE, individually, and as guardian ad litem for
Lavonda Atkinson, Vonetta L. Atkinson and
Christopher M. Moore; Lavonda Atkinson,
a minor, et al.,
Plaintiffs-
Appellees,
Cross-Appellants,
v.
PERMANENTE MEDICAL GROUP, INC.; Kaiser Foundation Hospitals
Inc.; Kaiser Foundation Health Plan, Inc.,
Defendants-Appellants, Cross-Appellees.
 Nos. 91-16160, 91-16263.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Oct. 8, 1992.
Decided Dec. 10, 1992.
 
 Stephen F. Von Till, Von Till & Associates, Fremont, CA, for plaintiffs-appellees-cross-appellants.
 Kennedy P. Richardson, Oakland, CA, for defendants-appellants-cross-appellees.
 Appeal from the United States District Court for the Northern District of California.
 Before TANG, PREGERSON, and ALARCON, Circuit Judges.
 TANG, Circuit Judge:
 
 
 1
 Permanente Medical Group, Inc. ("Permanente"), Kaiser Foundation Hospitals, Inc. ("Kaiser"), and Kaiser Foundation Health Plan, Inc. (collectively, "Defendants") appeal from the district court's order awarding attorney's fees to Ophelia Moore, individually, as guardian ad litem for LaVonda Atkinson, Vonnetta Atkinson and Christopher Moore, and as administratrix of the estate of DeWanda Atkinson (collectively, "Plaintiffs") pursuant to 28 U.S.C. § 1447(c), after remand of the action to the Superior Court of California. We are called upon to decide whether attorney's fees can be awarded for an improper removal absent a finding of bad faith, and whether the district court had jurisdiction to award fees and costs following the order of remand.[1] We affirm.
 
 FACTS AND PRIOR PROCEEDINGS
 
 2
 This appeal stems from a wrongful death action filed in the Superior Court of California for the County of San Mateo by Plaintiffs against Permanente, Kaiser, and two physicians for the death of DeWanda Atkinson, plaintiff Ophelia Moore's 15 year-old daughter. The parties submitted the dispute to arbitration; the arbitrators found against Plaintiffs. Plaintiffs filed a petition in state court to vacate the arbitration award, alleging that defense counsel had not disclosed a prior relationship with one of the arbitrators and that another arbitrator had not disclosed that he had written an article on DeWanda's case. In response, Kaiser filed a petition to confirm the award. The petitions were consolidated in San Mateo Superior Court.
 
 
 3
 Plaintiffs also filed the instant action in the Superior Court of California for the County of Alameda against Defendants for breach of contract, bad faith, and other tortious conduct related to the arbitration (the "bad faith" action). Upon motion by Defendants, the bad faith action was transferred to San Mateo County and "coordinated" with the petitions to confirm and vacate the arbitration award. After the Superior Court denied Defendants' motions to dismiss the petition to vacate the award and to preclude discovery, Defendants removed the bad faith action to federal court on the basis that Plaintiffs' state law claims were preempted by ERISA.
 
 
 4
 The district court thereafter granted Plaintiffs' motion to remand the removed action to state court. The district court concluded that Defendants had waived their right to remove because the notice of removal was filed after the granting of Defendants' request to transfer venue of the bad faith action and to coordinate the action with the petitions to confirm and to vacate the award, and after the state court had denied Defendants' motion to dismiss Plaintiffs' petition to vacate the arbitration award.
 
 
 5
 After the district court entered its order of remand, Plaintiffs filed for an award of attorney's fees pursuant to 28 U.S.C. § 1447(c). The district court granted the motion and awarded fees to Plaintiffs. Moore v. Kaiser Found. Hosp., Inc., 765 F.Supp. 1464, 1467 (N.D.Cal.1991).
 
 DISCUSSION
 
 6
 I. Did the district court have jurisdiction to award fees and costs following the order of remand?
 
 
 7
 Section 1447(c) provides, in relevant part, "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Defendants argue that because the fee award was not included in the district court's remand order, the district court did not have jurisdiction to award fees.
 
 
 8
 While we have not addressed the specific question whether a district court retains jurisdiction to award costs and fees pursuant to section 1447(c) after remand, it is clear that an award of attorney's fees is a collateral matter over which a court normally retains jurisdiction even after being divested of jurisdiction on the merits.
 
 
 9
 In Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 110 S.Ct. 2447, 110 L.Ed.2d 359 (1990), the Supreme Court held that district courts retain jurisdiction to award attorney's fees pursuant to Rule 11 after a voluntary dismissal of the suit. The Court stated:
 
 
 10
 It is well established that a federal court may consider collateral issues after an action is no longer pending. For example, district courts may award costs after an action is dismissed for want of jurisdiction. See 28 U.S.C. § 1919. This Court has indicated that motions for costs or attorney's fees are "independent proceeding[s] supplemental to the original proceeding and not a request for a modification of the original decree." Thus, even "years after the entry of a judgment on the merits" a federal court could consider an award of counsel fees.... Like the imposition of costs, attorney's fees, and contempt sanctions, the imposition of a Rule 11 sanction is not a judgment on the merits of an action. Rather, it requires the determination of a collateral issue....
 
 
 11
 Id. at 395-96, 110 S.Ct. at 2455-56 (citations omitted); see also Willy v. Coastal Corp., --- U.S. ----, ----, 112 S.Ct. 1076, 1080, 117 L.Ed.2d 280 (1992) (award of attorney's fees pursuant to Rule 11 permissible following an improper removal and remand); White v. New Hampshire Dept. of Employment Sec., 455 U.S. 445, 451-52, 102 S.Ct. 1162, 1166, 71 L.Ed.2d 325 (1982) (award of attorney's fees under 42 U.S.C. § 1988 is collateral to decision on the merits, and thus not subject to the 10-day limitation of a motion to amend or alter a judgment); Greenberg v. Sala, 822 F.2d 882, 885 (9th Cir.1987) (voluntary dismissal of case does not deprive court of jurisdiction to consider Rule 11 sanctions).
 
 
 12
 The award of fees pursuant to section 1447(c) is collateral to the decision to remand. The district court retained jurisdiction after the remand to entertain Plaintiffs' motion for attorney's fees.
 
 
 13
 II. May attorney's fees be awarded for an improper removal absent a finding of bad faith?
 
 
 14
 Whether the district court applied the correct legal standard for an award of attorney's fees is a question of law reviewed de novo. Price v. Seydel, 961 F.2d 1470, 1475 (9th Cir.1992).
 
 
 15
 Prior to its amendment on November 19, 1988, section 1447(c) provided, in relevant part:
 
 
 16
 If at any time before final judgment it appears that the case was removed improvidently and without jurisdiction, the district court shall remand the case, and may order the payment of just costs.
 
 
 17
 A finding of bad faith was required to award attorney's fees pursuant to this provision. See Schmitt v. Ins. Co. of N. Am., 845 F.2d 1546, 1552 (9th Cir.1988) ("[a]n award of attorney's fees is inappropriate ... where the defendant's attempt to remove the action was fairly supportable and where there has been no showing of bad faith").
 
 
 18
 As amended, section 1447(c) provides for "just costs and any actual expenses, including attorney fees, incurred as a result of the removal". The district court held that a finding of bad faith was not required for an award of attorney's fees under the amended statute. The district court reasoned that, prior to amendment, a finding of bad faith was required to award attorney's fees because the statute did not explicitly provide for an award of fees. Moore, 765 F.Supp. at 1465-66.
 
 
 19
 Under the "American rule," attorney's fees may not be awarded absent statutory or contractual authorization, or a finding of bad faith. Alyeska Pipeline Serv. Co. v. Wilderness Soc., 421 U.S. 240, 257, 95 S.Ct. 1612, 1621, 44 L.Ed.2d 141 (1975). By adding attorney's fees to costs which may be awarded after remand, Congress provided the statutory authorization necessary to award fees without a finding of bad faith. Congress has unambiguously left the award of fees to the discretion of the district court.
 
 
 20
 The commentary on the 1988 amendment confirms this interpretation:
 
 
 21
 To the "costs" that the old statute allowed the court to direct in conjunction with a remand, the amendment of subdivision (c) now authorizes the court to add "actual expenses, including attorney fees", should it find that it was improper for the defendant to remove the case. The matter is left to the court's discretion, to be exercised based on the nature of the removal and the nature of the remand. Congress says that this added power under subdivision (c) of § 1447 is to "replace" the bond requirement now eliminated from removal procedure with the repeal of subdivision (d) of the old § 1446....
 
 
 22
 The money sanction is as potent a threat as the bond was, and probably even more, but it of course lacks the "good and sufficient" surety that would have guaranteed payment of whatever the bond secured.
 
 
 23
 Commentary on 1988 Revision by David D. Siegel at 28 U.S.C.A. § 1447, p. 58 (West Supp.1992).
 
 
 24
 The Second Circuit has concluded that bad faith is not necessary for an award of attorney's fees after the 1988 amendment. Morgan Guar. Trust Co. v. Repub. of Palau, 971 F.2d 917 (2nd Cir.1992). In Morgan, the court held:
 
 
 25
 Whatever argument might have been made for a bad faith removal requirement under the old statute is mooted, in our view, by the amended version of section 1447(c) applicable to costs and attorneys fees.
 
 
 26
 The amendment did not add the phrase "bad faith" to the statute, but rather deleted the requirement that the case have been "removed improvidently." Indeed, the statute as amended makes no reference at all to the state of mind or intent of the party removing the action, instead focusing strictly on the mere absence of subject matter jurisdiction. The amendment also added to the statute an explicit reference to attorneys fees as part of the costs that may be awarded. We must, at least in the absence of strong and convincing evidence to the contrary, consider such sharply different wording to have been a deliberate choice by Congress.
 
 
 27
 Id. at 923. We agree.
 
 
 28
 Defendants' arguments to the contrary are unpersuasive. They first contend that a bad faith standard is necessary for consistency with Rule 11 fee awards. Because notices of removal are signed pursuant to Rule 11, Defendants argue that fee awards against clients pursuant to section 1447(c) should be judged by the same standard as fee awards against attorneys under Rule 11.
 
 
 29
 Defendants quote H.R.Rep. No. 100-889, reprinted in 1988 U.S.C.C.A.N. 6033: "section 1447(c) will ensure that a substantive basis exists for requiring payment of actual expenses incurred in resisting an improper removal; civil rule 11 can be used to impose a more severe sanction when appropriate." The House Report in fact demonstrates that there is a different standard for judging the award of expenses under section 1447(c) and sanctions under Rule 11. Further, a number of other fee-shifting statutes, such as 42 U.S.C. § 1988, provide for an award of attorney's fees where Rule 11 sanctions would not be imposed. As the district court stated, "[t]he court's award of fees in this case is not a punitive award against defendants; it is simply reimbursement to plaintiffs of wholly unnecessary litigation costs the defendant inflicted." Moore, 765 F.Supp. at 1466.
 
 
 30
 Defendants also argue that because the decision to remand is unreviewable, see 28 U.S.C. § 1447(d); Schmitt, 845 F.2d at 1549, a bad faith standard is necessary so that appellate courts can review fee awards without judging the validity of the underlying remand order. Alternatively, Defendants urge this court to adopt an intermediate standard, such as the "substantial justification" test under the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(A).
 
 
 31
 Defendants fail to realize that some evaluation of the merits of the remand order is necessary to review an award of attorney's fees, regardless of the test applied. If the bad faith standard is utilized, we must examine whether the attempt to remove was "fairly supportable," which entails consideration of the objective merits of the removal, and whether there has been a showing of bad faith. Schmitt, 845 F.2d at 1552 (because the petition for removal found some support in the authorities, and the district court did not find that the defendant had acted in bad faith, the award of attorney's fees was erroneous). If the substantial justification standard is applied, the court clearly looks to whether a defendant had a good reason to remove the case, and thus to the merits of the removal and remand.
 
 
 32
 Given the wide discretion provided the district court by section 1447(c), we will review an award of attorney's fees under this statute for an abuse of discretion. Although this standard will require some consideration of the underlying remand order, see Cooter & Gell, 496 U.S. at 405, 110 S.Ct. at 2461 ("[a] district court would necessarily abuse its discretion on an erroneous view of the law or on a clearly erroneous assessment of the evidence"), such consideration does not amount to impermissible review of the remand order. After all, on review of the fee award, we are not empowered to reverse the remand order, whether or not it is erroneous.
 
 
 33
 The district court here did not abuse its discretion in awarding attorney's fees to Plaintiffs for resisting the removal. The district court held that the right to remove is waived by acts which indicate an intent to proceed in state court, and that Defendants may not "experiment" in state court and remove upon receiving an adverse decision. This is not an erroneous view of the law; it has been applied in various permutations by different courts. See McKinnon v. Doctor's Assoc., Inc., 769 F.Supp. 216, 217 (E.D.Mich.1991) (affirmative use of the state court processes, such as motion to compel arbitration, waives right to remove); Bolivar Sand Co. v. Allied Equipment, Inc., 631 F.Supp. 171 (W.D.Tenn.1986) (defendant intended to seek disposition of state court action on the merits); Chicago Title & Trust Co. v. Whitney Stores, Inc., 583 F.Supp. 575, 576-577 (N.D.Ill.1984) ("party's waiver of its right to remove generally depends on its intent to do so" unless the party's actions in state court "are deemed to constitute a submission to its jurisdiction"; motion to continue trial date was inconsistent with intent to seek federal jurisdiction); Kiddie Rides U.S.A. v. Elektro-Mobiltechnik GMBH, 579 F.Supp. 1476, 1479-1480 (C.D.Ill.1984) (motion to vacate order of attachment constituted "clear and unequivocal waiver" of right to remove; a defendant "may not, after having argued and lost an issue in state court, remove the action for what is in effect an appeal of the adverse decision").
 
 
 34
 Here, Defendants first moved to transfer the "bad faith" action to the state court that was considering the separate petitions to vacate and to confirm the arbitration award. The transfer was granted, and the bad faith action was "coordinated" with the pending petitions. Defendants removed the case only after the state court denied the motion to dismiss the petition to vacate the arbitration award. That denial indicated the state court's position on the merits of at least part of the bad faith action. The district court did not abuse its discretion in determining that these actions reflected an intent by Defendants, until the adverse decision regarding the petition to vacate the arbitration award, to adjudicate the bad faith action in state court.
 
 
 35
 We have carefully considered Defendants' remaining arguments, and find them to be without merit.
 
 III. Conclusion
 
 36
 An award of attorney's fees pursuant to section 1447(c), after the 1988 amendment, is within the discretion of the district court, and bad faith need not be demonstrated. Further, because the award of attorney's fees pursuant to 28 U.S.C. § 1447(c) is collateral to the decision to remand, the district court retained jurisdiction after remand to entertain Plaintiffs' motion for attorney's fees.
 
 
 37
 AFFIRMED.
 
 
 
 [1]
 Plaintiffs' cross-appeal challenging the amount of attorney's fees awarded and their request for attorney's fees on appeal are addressed in a separate memorandum disposition filed concurrently with this opinion