9 F.3d 1550
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Dennis E. CASEY Plaintiff-Appellant,
v.
Gary GOODNESS; Lockheed Missiles & Space Company, Inc.,
Lockheed Corporation, Defendants-Appellees.
 No. 92-16807.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 4, 1993.*
Decided Nov. 10, 1993.
 
 1
 Before: KOZINSKI and O'SCANNLAIN, Circuit Judges; HATFIELD,** District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 Appellant Dennis Casey sued Gary Goodness, Lockheed Missiles & Space Company, and Lockheed Corporation ("appellees") in state court for claims arising out of an alleged battery. Appellees removed to federal court under 28 U.S.C. § 1441(b) because the complaint included allegations that the appellees had violated federal statutory rights and the federal Constitution. Appellant opposed the removal and asked for attorneys' fees under 28 U.S.C. § 1447(c) and sanctions under Federal Rule of Civil Procedure 11. Appellees also sought attorneys' fees and sanctions. The district court remanded the case to state court because the complaint's federal elements were attenuated. It denied both parties' requests for attorneys' fees and sanctions. Casey timely appeals the denial of attorneys' fees and sanctions. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 4
 * We review the district court's denial of attorneys' fees under section 1447(c) for an abuse of discretion. Moore v. Permanente Medical Group, Inc., 981 F.2d 443, 447 (9th Cir.1992).
 
 
 5
 Although this court cannot reverse a district court's remand to a state court, we still consider the merits of the removal motion to determine whether an award of attorneys' fees is appropriate. Id. Bad faith is not a prerequisite to an award of attorneys' fees under section 1447(c). Id. Examining the merits of this case, it is clear that the district court did not abuse its discretion in declining to award attorneys' fees and costs to the appellant, because the appellees' removal was proper.
 
 
 6
 Appellant contends there was no basis for removal. He advances two arguments, neither of which is persuasive. First, the appellant contends that the state court has concurrent jurisdiction and can interpret federal constitutional provisions. While true, this does not mean that removal is improper. Section 1441(b) specifically states that, if the case could have been brought in federal court, a defendant may seek removal. 28 U.S.C. § 1441(b). It does not matter that the state court could adjudicate the federal claims in the absence of removal.
 
 
 7
 Second, the appellant argues that removal is improper under "abstention doctrine," citing cases which are irrelevant to the issue before us. Appellant contends that when reviewing a state court decision, federal courts will not entertain arguments of federal constitutionality when the decision can be upheld on alternative, nonfederal grounds. But this case does not involve review; it is a question of removal, and no state court decision has been rendered. Appellant also claims that in ongoing state proceedings, federal courts will abstain to allow the state court to consider federal constitutional claims. But there is no ongoing state court proceedings in this case: appellees moved to have the entire case removed, not to have parallel federal litigation. Finally, appellant cites cases saying that federal courts should not interfere with the proceedings of state administrative agencies in some circumstances. Alas, no state administrative agencies are involved, and these cases, too, are irrelevant.
 
 
 8
 Since the appellant alleged violations of federal statutory and constitutional rights in his complaint, the appellees had a sufficient basis for removal.
 
 II
 
 9
 Appellant also contends that appellee Lockheed was collaterally estopped from seeking removal because in the case of Hayden v. Reickerd, 957 F.2d 1506 (9th Cir.1992), in which Lockheed was a defendant, the district court denied the defendants' motion for removal and remanded the case to state court. As in the present case, Hayden involved a battery suit by a union steward against Lockheed. The defendants in Hayden sought removal, arguing that federal law preempted state action pursuant to section 301 of the Labor Management Relations Act, 29 U.S.C. § 185. The district court granted summary judgment for the defendants. This court held that the case was improperly removed and remanded to state court.
 
 
 10
 Collateral estoppel did not bar the appellees' attempt to remove this case. "To foreclose relitigation of an issue under collateral estoppel: (1) the issue at stake must be identical to the one alleged in the prior litigation...." Clark v. Bear Stearns & Co., 966 F.2d 1318, 1320 (9th Cir.1992). "Similarity between issues is not sufficient; collateral estoppel is applied only when the issues are identical." Shapley v. Nevada Bd. of State Prison Comm'rs., 766 F.2d 404, 408 (9th Cir.1985).
 
 
 11
 Although appellant claims that the facts between these cases are identical, he is clearly wrong. While some of the legal arguments may be similar, the plaintiff in Hayden did not plead violation of federal statutory and constitutional rights. This is sufficient to conclude that the court's decision to remand in Hayden has absolutely no bearing on whether this case should have been remanded to state court.
 
 
 12
 In sum, the appellees had a legitimate argument for removal. Indeed, the district court remanded the case, not based on any of the arguments advanced by the appellant but because the federal claims were attenuated. We, therefore, conclude that the district court did not abuse its discretion in declining to award attorneys' fees.
 
 III
 
 13
 We review the district court's denial of sanctions under Rule 11 for an abuse of discretion. In re Grantham Bros., 922 F.2d 1438, 1441 (9th Cir.), cert. denied sub nom., Needler v. Valley Nat'l Bank, 112 S.Ct. 94 (1991).
 
 
 14
 Appellant contends that Lockheed should be sanctioned under Rule 11 because their motion for removal was baseless and they had full knowledge of the Hayden decision and feigned ignorance. Sanctions are appropriate under Rule 11 when a party's motion is frivolous or has an improper purpose. Id. Either prong is sufficient to impose sanctions. Id.
 
 
 15
 Neither prong is satisfied in this case. First, as explained above, the appellees' motion to remove this case to federal court was not frivolous. The appellant pled into federal jurisdiction on the face of his complaint. Second, there is no improper purpose in this case. Appellees did not seek to harass the appellant, to delay the litigation or to increase the cost of litigation. See Fed.R.Civ.P. 11. Indeed, the appellees wrote the appellant, explaining how the latter had pled into federal jurisdiction and noting that, if the appellant would drop the federal claims, the appellees would not seek removal to federal court. The district court did not abuse its discretion in declining to impose Rule 11 sanctions in this case.
 
 IV
 
 16
 Finally, appellant requests publication of this decision. Circuit Rule 36-2 lays out the criteria for publication. We find that none of them are satisfied and decline to publish.
 
 V
 
 17
 Appellant also requests sanctions and attorneys' fees for this appeal. However, appellant cited no authority for receiving attorneys' fees in his opening brief as required by Circuit Rule 39-1.5, but merely registered his intent to request them later. This is insufficient. Furthermore, we do not find that appellees' conduct warrants an award of attorneys' fees or sanctions. Therefore, we reject appellant's request.
 
 VI
 
 18
 Because we find that the appellees advanced a reasonable argument for removal in this case, we conclude that the district court did not abuse its discretion in denying attorneys' fees and sanctions to the appellant.
 
 
 19
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit R. 34-4
 
 
 **
 The Honorable Paul G. Hatfield, Chief United States District Judge for the District of Montana, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit R. 36-3