12 F.3d 1106
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Robert HAYDEN, Plaintiff/Appellant,
v.
J.A. REICKERD, Michael Hernandez, Lockheed Missiles & Space
Company, Inc., Lockheed Corporation, Defendants/Appellees.
 No. 92-16107.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 4, 1993.*
Decided Dec. 16, 1993.
 
 1
 Before: KOZINSKI and O'SCANNLAIN, Circuit Judges; HATFIELD,** District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 Robert Hayden appeals the district court's order denying his request for an award of attorney's fees and costs under 28 U.S.C. Sec. 1447(c). Jurisdiction vests with this court pursuant to 28 U.S.C. Sec. 1291. We affirm.
 
 BACKGROUND
 
 4
 Robert Hayden, a Lockheed Corporation employee and union steward, instituted an action in the Superior Court for Santa Clara County in and for the State of California, seeking damages as against Lockheed Corporation and two of its management employees. Hayden alleged, inter alia, the defendants had engaged in "a concerted effort to oppress, harass and intimidate union members."
 
 
 5
 Lockheed removed Hayden's action to federal district court, pursuant to 28 U.S.C. Sec. 1441, invoking the court's federal question jurisdiction under 28 U.S.C. Sec. 1331. Specifically, Lockheed asserted Hayden's claims were preempted by section 301 of the Labor Management Relations Act ("LMRA") of 1947, as amended, 29 U.S.C. Sec. 185(a). The district court held section 301 preempted Hayden's claims and entered summary judgment in favor of the defendants. This court vacated the district court's judgment and remanded Hayden's claims to state district court. Hayden v. Reickerd, 957 F.2d 1506 (9th Cir.1992).
 
 
 6
 Hayden subsequently moved the district court for an award of attorney's fees under 28 U.S.C. Sec. 1447(c). The district court denied Hayden's motion, holding Lockheed had a "colorable" basis for removal.
 
 DISCUSSION
 
 7
 We review the district court's denial of attorney's fees under 28 U.S.C. Sec. 1447(c) for an abuse of discretion. Moore v. Permanente Medical Group, Inc., 981 F.2d 443, 447 (9th Cir.1992). The district court abuses its discretion if its decision is based on an erroneous conclusion of law or if the record contains no evidence on which it rationally could have based its decision. Paul, Johnson, Alston & Hunt v. Graulty, 886 F.2d 268, 270 (9th Cir.1989).
 
 Section 1447(c), as amended,[1] provides:
 
 8
 If at anytime before final judgment it appears that the district court lacks subject matter jurisdiction the case shall be remanded. An order remanding the case may require payment of just costs and any actual expenses, including attorney's fees, incurred as a result of removal.
 
 
 9
 28 U.S.C. Sec. 1447(c). By adding attorneys' fees to costs which may be awarded after remand, Congress provided the statutory authorization necessary to award fees without a finding of bad faith.[2] Moore, supra, 981 F.2d at 446.
 
 
 10
 Although this court may not review a district court's order of remand, see, 28 U.S.C. Sec. 1447(d), the objective merits of the attempted removal must be considered in determining whether an award of attorneys' fees is appropriate. Moore, supra, 981 F.2d at 447.
 
 
 11
 To the "costs" that the old statute allowed the court to direct in conjunction with a remand, the amendment of subdivision (c) now authorizes the court to add "actual expenses, including attorney fees", should it find that it was improper for the defendant to remove the case. The matter is left to the court's discretion, to be exercised based on the nature of the removal and the nature of the remand.
 
 
 12
 Commentary on 1988 Revision by David D. Siegel at 28 U.S.C.A. Sec. 1447, p. 58 (West Supp.1992).
 
 
 13
 Accordingly, where an action is remanded to state court, an award of costs, including attorney's fees, is inappropriate where the defendant's attempt to remove the case to federal court was fairly supportable. Schmitt v. Ins. Co. of North America, 845 F.2d 1546, 1552 (9th Cir.1988).
 
 
 14
 The fact this court ultimately rejected Lockheed's attempted removal based upon section 301 preemption does not, despite Hayden's argument to the contrary, constitute an implied factual determination that the removal was not fairly supportable. This court's determination regarding the district court's subject matter jurisdiction is distinct from the question of whether a remand order shall include an award of attorney's fees under section 1447(c).
 
 
 15
 Having reviewed the record herein, the court concludes Lockheed's attempted removal was fairly supportable given the fact Hayden's claims arose from events at a union grievance meeting, and were the subject of multiple grievances under the collective bargaining agreement.[3] The uncertainty surrounding section 301 preemption issues lends additional support to the conclusion that Lockheed had a supportable basis for removing the underlying action. See, Galvez v. Kuhn, 933 F.2d 773, 776 (9th Cir.1991) ("[S]ection 301 has been the precipitate of a series of often contradictory decisions, so much so that federal preemption of state labor law has been one of the most confused areas of federal court litigation"). Finally, in reversing the district court, this court relied, in part, on the Galvez decision, which was decided three years after the present action was removed, and well after the district court granted summary judgment for the defendants. See, Hayden, supra, 957 F.2d at 1509.
 
 CONCLUSION
 
 16
 Consequently, for the reasons set forth herein, the court concludes the district court did not abuse its discretion in denying Robert Hayden's application for an award of attorney's fees and costs under 28 U.S.C. Sec. 1447(c).
 
 
 17
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit Rule 34-4
 
 
 **
 The Honorable Paul G. Hatfield, Chief United States District Judge for the District of Montana, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Prior to its amendment in 1988, section 1447(c) provided, in relevant part:
 If at any time before final judgment it appears that the case was removed improvidently and without jurisdiction, the district court shall remand the case, and may order the payment of just costs.
 A finding of bad faith was required to award attorney's fees pursuant to this provision. Moore, supra, 981 F.2d at 446, citing, Schmitt v. Ins. Co. of North America, 845 F.2d 1546, 1552 (9th Cir.1988) ("[a]n award of attorney's fees is inappropriate ... where the defendant's attempt to remove the action was fairly supportable and where there has been no showing of bad faith").
 
 
 [2]
 Under the "American rule," attorneys' fees may not be awarded absent statutory or contractual authorization, or a finding of bad faith. Moore, supra, 981 F.2d at 446, citing, Alyeska Pipeline Service Co. v. Wilderness Society, 421 U.S. 240, 257 (1975)
 
 
 [3]
 Prior to instituting the underlying action, Hayden filed a grievance alleging Lockheed Corporation's management employees had violated Lockheed Corporation's collective bargaining agreement with the union. That grievance was ultimately arbitrated