91 F.3d 150
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Leslie BROWN, Plaintiff-Appellee,
v.
NEW YORK LIFE INSURANCE COMPANY; Richard Kilmartin; Samuel
Ware; Virginia Roddy, Defendants-Appellants.
 No. 95-15573.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 10, 1996.*
Decided July 12, 1996.
 
 Before: WOOD**, CANBY, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 
 2
 New York Life Insurance Company, Richard Kilmartin, Samuel Ware, and Virginia Roddy (collectively, "New York Life") appeal from the district court's order awarding attorney's fees to Leslie Brown under 28 U.S.C. 1447(c) as a result of New York Life's improper removal. New York Life contends that the district court abused its discretion by awarding fees because it properly removed the case to federal court, and even if it didn't, it at least had a "colorable basis" for removal. We have jurisdiction, 28 U.S.C. § 1291, and we affirm.[1]
 
 
 3
 Section 1447(c) authorizes the district court to award "just costs," including attorney's fees, incurred by the plaintiff as a result of an improper removal. 28 U.S.C. § 1447(c). "Given the wide discretion provided the district court by section 1447(c), we will review an award of attorney's fees under this statute for an abuse of discretion, [which] will require some consideration of the underlying remand order." Moore v. Permanente Medical Group, Inc., 981 F.2d 443, 447 (9th Cir.1992) (citation omitted).
 
 
 4
 The district court did not abuse its discretion in awarding attorney's fees to Brown for resisting New York Life's efforts at removal. Because Brown's complaint did not clearly "claim[ ] a sum greater than the jurisdictional requirement," Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir.1992), New York Life bore "the burden of actually proving the facts to support ... the jurisdictional amount," id. at 567 (citation omitted) (emphasis added). Yet the only "fact" presented by New York Life was that, months after removal, Brown offered to settle this case and other related litigation for $250,000. We have no trouble agreeing with the district court that this "fact" was not enough to prove that the amount in controversy exceeded $50,000.
 
 
 5
 We also disagree with New York Life that it was relieved of this heavy burden merely because Brown's complaint alleges that she seeks unspecified damages sufficient to satisfy California's amount in controversy threshold. These are simply boilerplate allegations, which are not sufficiently clear to establish that the actual amount in controversy exceeds $50,000. Nor does New York Life's exclusive reliance on these allegations constitute a "colorable argument" for removal jurisdiction.
 
 
 6
 Finally, we also reject New York Life's contention that the district court improperly rested its award of attorney's fees on the "bare fact" of remand. After giving New York Life an opportunity to show cause why costs and attorney's fees should not be awarded given the weakness of its removal claim, the district court based its award on the lack of any facts showing the jurisdictional minimum. As we have recognized that "[a]n award of attorney's fees pursuant to section 1447(c) ... is within the discretion of the district court, and bad faith need not be demonstrated," Moore, 981 F.2d at 448, we cannot say that the award in this case must be reversed.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 Hon. Harlington Wood, Jr., Senior Circuit Judge for the Seventh Circuit Court of Appeals, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We deny the parties' respective requests to take judicial notice of the proceedings from another court, inasmuch as those matters are not relevant to the issue before us