CHART DEVELOPMENT COR-
PORATION, an Oregon cor-
poration, Plaintiff,

v.

WEST SLOPE WATER DISTRICT,
a Water Service District,
Defendant.

No. Civ. 98–904–JO.

United States District Court,
D. Oregon.

Oct. 15, 1998.

Charles E. Corrigan, O'Donnell Ramis Crew Corrigan & Bachrach, Portland, OR, E. Andrew Jordan, Jr., John H. Chambers, Tarlow Jordan & Schrader, Portland, OR, for defendant.

*OPINION AND ORDER*

ROBERT E. JONES, District Judge.

On June 5, 1998, Chart Development Corporation brought suit in Washington County Circuit Court with claims of nuisance, unjust enrichment, intentional interference with economic relations, negligence, and substantive due process under the Fourteenth Amendment and 42 U.S.C. § 1988. On June 24, defendant West Slope Water District formally accepted service and on July 22, defendant filed for removal to this court.

Plaintiff now seeks an order to remand this case to state court because defendant failed to file notice of removal within the required 30–day period. The key dispute is whether the removal period is tolled from the date the complaint is received ("receipt rule") or the date service is completed ("service rule"). Pursuant to the receipt rule, which this court previously has adopted, defendant did not file for removal within the 30–day period and therefore plaintiff's motion for

remand is GRANTED. In addition, plaintiff's request for costs and attorney fees incurred as a result of defendant's removal request is DENIED.

## FACTS

Both parties agree on the facts germane to this motion. On June 5, 1998, plaintiff filed this lawsuit in Washington County Circuit Court. On June 12, plaintiff sent the complaint and an acceptance of service form to defendant's counsel. On June 24, defendant signed the acceptance of service form and on July 22, defendant filed notice of removal.

## ANALYSIS

1. Motion to Remand

■■■ Removal jurisdiction is derived from 28 U.S.C. § 1446(b), which is construed strictly against removal. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir.1992).

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based ***.

28 U.S.C. § 1446(b). The time limit contained in § 1446(b), though not jurisdictional, is mandatory. *Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1212 (9th Cir.1980). The defendant bears the burden of establishing that removal is proper. *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir.1996).

■ The statute does not clarify what begins the tolling of the 30–day period: the date when defendant receives a copy of the complaint ("receipt rule") or the date when service is completed ("service rule"). Both parties correctly indicate that district courts are split on this issue. *See* William W. Schwarzer, A. Wallace Tashima, & James M. Wagstaffe, *Federal Civil Procedure Before Trial*, § 2:899 (Rutter Group, 1998). The District of Oregon, however, has held that the receipt rule applies. In *Younce v. Bolbenbeck*, Judge Marsh stated, "contrary to the district court cases relied upon by defendant, every circuit court to address this issue has held that the thirty-day removal period

begins to run when a defendant actually receives a copy of a filed initial pleading by any means." Civil No. CV97–1379–MA (citations omitted). Accordingly, Judge Marsh held that "the relevant issue is when defendant received a copy of the complaint not whether it was properly served." *Id.* Moreover, this court has adopted the receipt rule. *Ray's Food Service v. Dallas Systems Corp.*, Civil No. 96–1688–JO (Jones, Judge) (following Judge Haggerty's decision that the correct interpretation of the removal statute in this district is the receipt rule, *Kudron v. Tektronix, Inc.*, Civil No. CV94–1320–AS, 1995 U.S. Dist. LEXIS 12863 (D.Or. April 20, 1995)).

In this case, plaintiff filed the complaint on June 5, 1998, and sent the complaint and an acceptance of service form to defendant's counsel on June 12. Defendant filed notice of removal on July 22. In opposing plaintiff's motion to remand, defendant agreed that "defendant and defendant's counsel received a copy of the Complaint more than 30 days prior to filing its Notice of Removal." Pursuant to the receipt rule, the notice of removal was not filed within the statutory limit of 30 days; therefore, plaintiff's motion for an order remanding this case to state court is GRANTED.

2. Motion for Costs and Attorney Fees

■■■ "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). A showing of bad faith is not necessary for an award of costs and fees under this statute. *Moore v. Permanente Medical Group, Inc.*, 981 F.2d 443, 446 (9th Cir.1992). Nonetheless, this statute provides the court with wide discretion. *Id.* at 447.

■ Both parties correctly recognize that district courts are split in applying the receipt rule or the service rule. Moreover, the parties do not have a published opinion in this district upon which they can rely. These factors, combined with the fact that defendant's removal would have been proper under the service rule, weigh in favor of not granting costs or attorney fees. According-

ly, plaintiff's motion for award of costs and attorney fees is DENIED.

## CONCLUSION

This case is REMANDED to state court pursuant to plaintiff's motion(5) for remand. Plaintiff's motion for costs and attorney fees is DENIED.

## *JUDGMENT*

Based upon the record,

IT IS ORDERED AND ADJUDGED this case is remanded to state court for further proceedings and this case is dismissed. Any pending motions are denied as moot.