**DEAD KENNEDYS d/b/a Decay Music, a California general partnership; East Bay Ray a/k/a Ray Pepperell; Klaus Flouride a/k/a Geoffrey Lyall; D.H. Peligro a/k/a Darren Henley, Plaintiffs,**

v.

**Jello BIAFRA a/k/a Eric Reed Boucher, individually and d/b/a Alternative Tentacles Records; Mordam Records, a California business entity; and Does 1 through 30, inclusive, Defendants.**

**No. C–98–4543 DLJ.**

United States District Court, N.D. California.

April 5, 1999.

David C. Phillips, David M. Given, Paul Karl Lukacs, Phillips and Erlewine, San Francisco, CA, for plaintiffs.

Paul Raynor Keating, Keating, McPencow & Stanislaw, P.C., San Francisco, CA, for defendants.

## ORDER

JENSEN, District Judge.

On March 31, 1999, the Court heard argument on plaintiffs' motion for costs and attorney fees after remand. David M. Given and Paul Karl Lukacs appeared on behalf of plaintiffs; Paul Raynor Keating appeared for defendant Jello Biafra. Having considered the arguments of counsel, the papers submitted, the applicable law, and the record in this case, the Court hereby GRANTS the motion.

## I. BACKGROUND

A. *Factual Background and Procedural History*

Plaintiffs are Decay Music, a general partnership, and three of its four partners. The four partners in Decay Music once comprised the rock music band called the Dead Kennedys. The three individual plaintiffs are East Bay Ray, Klaus Flouride, and D.H. Peligro. Defendant is the fourth partner, Jello Biafra. All of the parties are California domicilaries. In 1986, the band ended its recording and touring activities because of differences among the band members.

In 1979, the Dead Kennedys formed Alternative Tentacles to act as their record label. Two years later, in 1981, the band members formed Decay Music, a California general partnership, in which the four band members are equal partners. An oral agreement in 1986 among the band members transferred ownership of Alternative Tentacles from Decay Music to Biafra individually. On September 30, 1998, plaintiffs met during a Decay Music partnership meeting and on a 3–0 vote terminated Alternative Tentacles' right to administer and exploit the Dead Kennedys' musical compositions and sound recordings (the Catalog), effective October 1, 1998. Biafra claims that he offered to send a proxy to the meeting, which he was unable to attend, but that his offer was refused. Around October 23, 1998, Biafra paid a sum of royalties into a trust account. He conditioned release of that money to the partnership and the individual partners on his approval or the existence of a court order requiring him to release the funds.

On October 29, 1998, plaintiffs brought an action in San Francisco Superior Court against Mordam Records and against Jello Biafra, both in his status as an individual and as the owner of the sole proprietorship Alternative Tentacles Records. The complaint alleged seven state law causes of action: (1) a declaratory judgment that Decay Music validly terminated Alternative Tentacles' right to exploit the Catalog; (2) breach of Biafra's fiduciary duties to his partners through self-dealing; (3) conversion by Biafra of income that rightfully belongs to the partnership; (4) breach of the oral agreement that transferred ownership of Alternative Tentacles to Biafra from Decay Music; (5) unjust enrichment of Biafra at the expense of his partners;

(6) engagement in unfair business practices by Biafra and Mordam Records; and (7) injunctive relief to preserve Decay Music's exclusive rights to exploit the Catalog against Biafra and Mordam.

Defendant Mordam counter-claimed in interpleader for resolution of to whom it should pay royalties: Decay Music or Alternative Tentacles. Mordam distributes records at wholesale for Alternative Tentacles pursuant to an oral agreement with Biafra.

Defendant Biafra removed the case to federal court on the basis that the complaint, in particular counts one and seven, pled a claim arising under the Copyright Act. As one of his affirmative defenses, Biafra contended that plaintiffs' claims are barred in whole or in part by Biafra's rights as an author in the sound and video recordings and in the underlying musical compositions. According to Biafra, he retained individual title to his rights in the works and licensed his rights to Alternative Tentacles. Biafra claimed that Decay Music merely acts as an administrator for the purposes of distributing royalties and that the partnership has no rights in the underlying works.

Biafra counterclaimed with ten causes of action: (1) declaratory judgment that he is an author with rights in the works that have not been assigned or licensed and which he is free to exercise; (2) breach of fiduciary duty; (3) breach of contract; (4) conversion; (5) defamation; (6) intentional inducement of breach of contract; (7) intentional interference with prospective economic advantage; (8) conspiracy; (9) unfair competition under California Business and Professions Code § 17200; and (10) injunctive relief under the Copyright Act.

Plaintiffs moved to have the case remanded to state court for lack of federal subject matter jurisdiction. The Court agreed and remanded the case to state court on grounds that co-authors cannot pursue claims of infringement against one another or each other's licensees as a mat-ter of law and thus the only claims present were matters of state law. Plaintiffs now move for costs and attorney's fees incurred with respect to removal and remand.

### B. *Legal Standard*

■ At its discretion, the court may order "payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c); *see Moore v. Permanente Medical Group, Inc.*, 981 F.2d 443, 446 (9th Cir.1992). In deciding whether or not to award costs and attorney's fees, the Court should consider whether removal was improper, looking both at the nature of the removal and of the remand. *See id.* The purpose of an award is not to punish the removing party but instead to reimburse the party who sought remand for litigation costs incurred as a result of unnecessary removal. *See id.* at 447. The availability of costs and attorney fees replaces the former requirement of posting of a bond; however, it serves the same purpose—to discourage improper removal. *See* 28 U.S.C. § 1447, commentary.

An award of costs and fees pursuant to section 1447(c) is a "collateral matter over which a court normally retains jurisdiction even after being divested of jurisdiction on the merits." *Moore*, 981 F.2d at 445.

## II. DISCUSSION

Plaintiffs contend that the Court's finding that remand was appropriate for lack of subject matter jurisdiction justifies an award of costs and attorney fees without further consideration. Should the Court disagree, plaintiffs also argue that defendant's removal motion was meritless and thus plaintiffs should be reimbursed for their expenses incurred in seeking remand.

Plaintiffs base their theory that they are entitled to an award of costs without further consideration where the Court decides to remand for lack of subject matter jurisdiction on a decision by the Second Circuit. *See Morgan Guar. Trust Co. v.*

*Republic of Palau,* 971 F.2d 917, 923 (2d Cir.1992). However, the Ninth Circuit has held that the Court should give some consideration to the merits of the removal action in deciding whether or not to award costs and fees. *See Moore,* 981 F.2d at 446–47. Defendant argues that the standard the Court should apply is a determination of whether or not defendant's arguments were colorable. This argument is based on pre-amendment precedent that held that a finding of bad faith was required before attorney fees could be awarded. *See McCann v. Alaska Airlines, Inc.* 758 F.Supp. 559, 567 (N.D.Cal.1991) (citing to *Schmitt v. Insurance Co. of North America,* 845 F.2d 1546 (9th Cir. 1988)). Pursuant to Ninth Circuit authority under section 1447(c), as amended, bad faith is no longer the standard; instead, the Court should consider whether removal was improper and whether reimbursement of expenses is an appropriate remedy for the incursion of an unnecessary expense. *See Moore,* 981 F.2d at 446–47. Thus the Court finds some consideration of the merits of defendant's decision to remove the action to federal court is required.

Plaintiffs contend that removal was not warranted because none of defendant's bases for removal were colorable. First, plaintiffs argue that defendant should have known that a federal defense could not confer subject matter jurisdiction under the well-pleaded complaint rule. Second, plaintiffs claim defendant had no basis upon which to believe that the state law contract claims were preempted by the Copyright Act because hundreds of decision have stated that matters of title and ownership are issues of state law. Third, plaintiffs contend that Biafra's attempt to characterize plaintiffs first and seventh causes of action as actions for infringement was illogical because plaintiffs are barred by law from suing a co-author for infringement. In addition, plaintiffs urge the Court to consider the fact that Biafra had a fiduciary obligation to preserve the partnership assets of Decay Music. According

to plaintiffs, the removal effected a wasting of partnership assets.

Plaintiffs seek an award of $12,160.50 which is comprised of the following amounts: $9,763 in attorney's fees incurred in opposing removal; $197.50 in costs, which includes telephone charges, copy costs, travel costs, computer research, and other expenses; and $2,200 in attorney's fees incurred in preparing the motion for costs and fees.

In response to plaintiffs' arguments on the merits, defendant argues that its removal was proper. Defendant contends that removal was based on colorable arguments in a complex area of law with uncertain authorities.

■ First, defendant claims that the matter of federal preemption over claims pled as state actions that involve materials protected under the Copyright Act is a murky and unsettled area of the law and therefore removal on this basis was not improper. However, any review of the relevant authorities should have persuaded defendant that although preemption doctrine may be murky with respect to certain contract-related issues, such as termination, (1) title and ownership disputes over copyrights are matters for determination under state common and contract law, and (2) preemption with respect to a defense against those state claims is irrelevant to the determination of federal subject matter jurisdiction. *See Vestron, Inc. v. Home Box Office, Inc.,* 839 F.2d 1380, 1381 (9th Cir.1988) (affirmative defenses are irrelevant to a determination of subject matter jurisdiction); *Oddo v. Ries,* 743 F.2d 630, 632 (1984) (determinations of ownership of a copyright and claims for accounting are matters of state law); *Dolch v. United Cal. Bank,* 702 F.2d 178, 180 (9th Cir.1983) (contractual matters with respect to ownership of copyrights are for the state courts). Thus defendant should have known that he could not prevail on removal under these theories.

Defendant's argument at removal that plaintiffs' seventh claim actually pled a claim for copyright infringement did require the Court to consider whether the claim was a contract claim or an infringement claim. As written, the claim sought injunctive relief but did not explicitly invoke any contractual basis on which it had a right to exclude defendant from using the works in question. Such a claim is reminiscent of one seeking relief from copyright infringement. The Court concluded, however, that because the parties are co-authors and because plaintiff sought relief in state court plaintiff was merely seeking injunctive relief as an adjunct to the state contract claims rather than using a state law remedy to obtain relief equivalent to that available under the Copyright Act.

It would have been possible for the Court to retain jurisdiction over the seventh cause of action had it decided it was a disguised claim for infringement. However, had the Court retained jurisdiction over the seventh cause of action, the Court then would have had before it a claim of infringement against a co-author, which as discussed in the Court's prior order is a cause of action that is barred as a matter of law. Thus the Court's next course of action would have been to dismiss the seventh cause of action for failure to state a claim upon which relief could be granted and to remand the remaining state claims for lack of subject matter jurisdiction. In either case, the result would have been remand of the case for lack of subject matter jurisdiction. Thus under any interpretation of the seventh cause of action, removal would not have resulted in this Court hearing the case. Removal therefore generated an unnecessary expense for plaintiffs.

Plaintiffs have made the further argument that defendant's decision to remove was an act of forum shopping because defendant plans to file a separate federal copyright action. In doing so plaintiffs ignore the fact that if, as defendant claims is true, defendant is sole author of some of the works in question and has not assigned his rights in those works to plaintiffs in writing, then defendant has a legitimate federal copyright action for infringement against plaintiffs with respect to their efforts to exercise control over those works. It is not forum shopping to threaten to bring an action in federal court which one is entitled to bring.

Although the Court does not find the forum shopping argument to be a persuasive basis for awarding costs and fees, the facts that (1) subject matter jurisdiction would not be available over this case under any interpretation of the seventh cause of action and (2) defendant's motion raised issues that were well settled in case law provide the Court with a satisfactory basis upon which to conclude that defendant's decision to remove was improper and resulted in unnecessary expense to plaintiffs. The fact that partnership assets were wasted in the process is an additional factor that weighs in favor of an award of costs and fees.

### III. CONCLUSION

For the foregoing reasons, the Court GRANTS the motion and hereby awards costs and attorney's fees to plaintiffs in the amount of $12,160.50.

IT IS SO ORDERED.