Tom **JOHNSON**, Plaintiff,

v.

**CIRCUIT CITY STORES, INC.,** Fry's **Electronics, Inc., The Good Guys, Inc. CompUSA Inc., CompUSA Stores, L.P., Staples, Inc., Officemax, Inc., and Does 1–250, Defendants.**

**And Related Cross Claims.**

**No. C99–03573 MMC.**

United States District Court, N.D. California.

Oct. 12, 1999.

---

Jay P. Renneisen, Kenneth G. Jones, Richard A. Ergo, Michael P. Verna, Bowles & Verna, Walnut Creek, CA, for Tom Johnson.

Peter E. Glick, Glick & Washington, Gold River, CA, Scott C. Oostdyk, McGuire Woods Battle & Boothe, LLP, Richmond, VA, for Circuit City Stores, Inc.

William H. Curtis, David L. Frey, Fooley McIntosh Frey Claytor & Strauss, Lafayette, CA, for Fry's Electronics.

Mark D. Petersen, Marion C. Ingersoll, Farella Braun & Martel LLP, San Francisco, CA, Douglas A. Winthrop, Edward B. Mullen, III, Howard Rice Nemerovski Canady Falk & Rabin, San Francisco, CA, for Good Guys, Inc.

Neil M. Soltman, David C. Bolstad, Peter K. Mayer Brown & Platt, Los Angeles, CA, for CompUSA, Inc., and CompUSA Stores, L.P.

David A. Riegels, Sue Ellen Wooldridge, Riegels Campos & Kenyon LLP, Sacramento, CA, for Minolta Corp.

David Jacobs, Aalyce Rubinfield, Gregory S. Glazer, Epstein Becker & Green, Los Angeles, CA, for JVC Americas Corp.

## ORDER GRANTING PLAINTIFF'S MOTION FOR REMAND; DENYING ATTORNEY'S FEES

CHESNEY, District Judge.

### INTRODUCTION

Before the Court is the motion of plaintiff Tom Johnson for remand of this action to the Superior Court of California, County of Contra Costa. Having considered the papers submitted in support of and in opposition to the motion, the Court deems the matter appropriate for decision on the papers, and rules as follows:

### BACKGROUND

On January 14, 1999, plaintiff filed suit against defendants in the Superior Court of California, County of Contra Costa.

Plaintiff alleges that defendants have misrepresented and failed to reveal material information to their customers concerning Year 2000 ("Y2K") compliance[1] of their products in contravention of the California Unfair Trade Practices Act, Cal.Bus. & Prof.Code. § 17200 et seq., and the False Advertising Act, Cal.Bus. & Prof.Code § 17500. (Compl. at ¶ 32–41.) Plaintiff's complaint seeks an injunction requiring defendants to accurately and adequately disclose to their customers, the Y2K compliance of the computer hardware and software that they sell. (Pl.Mem.Mot. at 5.)

On July 20, 1999, while the state court action was proceeding, the Y2K Act, 15 U.S.C. § 6601 et seq. (West 1999), legislation intended to address problems concerning litigation arising out of Y2K failures, was signed into law. On July 22, 1999, two days after the signing of the Y2K Act, defendants filed a notice of removal to federal court based on federal question jurisdiction. 28 U.S.C. § 1331.

On August 3, 1999, plaintiffs brought the present motion for remand of this action to the Contra Costa County Superior Court. This motion was originally scheduled to be heard on September 17, 1999 before Senior Judge Samuel Conti. However, on September 3, 1999, Judge Conti entered an order recusing himself from this action, and, by order dated September 9, 1999, the case was reassigned to this Court and all matters scheduled for hearing were vacated.

## DISCUSSION

### 1. Legal Standard

Pursuant to 28 U.S.C. § 1441, where a civil action over which the federal courts have original jurisdiction is brought in state court, the defendant may remove the action to the federal district court.

The Ninth Circuit has consistently held that 28 U.S.C. § 1441 is to be strictly construed against removal jurisdiction, and that "[f]ederal jurisdiction must be reject-ed if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles,* 980 F.2d 564, 566 (9th Cir.1992), citing to *Libhart v. Santa Monica Dairy Co.,* 592 F.2d 1062, 1064 (9th Cir.1979).

██ After removal, a plaintiff may move to remand the action to state court under 28 U.S.C. § 1447 for lack of federal jurisdiction or for procedural defects. The defendant bears the burden of establishing federal jurisdiction and must "overcome a strict construction of the removal statute against removal." *Mangini v. R.J. Reynolds Tobacco Co.,* 793 F.Supp. 925, 927 (N.D.Ca.1992) citing *Ethridge v. Harbor House Restaurant,* 861 F.2d 1389, 1393 (9th Cir.1988).

In the present action, plaintiff has brought the instant motion for remand based on four separate grounds: (1) lack of subject matter jurisdiction; (2) lack of federal standing; (3) failure to join a defendant, and (4) the voluntary/involuntary rule. Plaintiff also requests that costs and attorney's fees be granted in the event that his motion for remand is granted.

### 2. Analysis

██ Federal question jurisdiction is provided by 28 U.S.C. 1331, which states that federal courts "shall have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States." Whether federal question jurisdiction exists over a case is determined by the " "well-pleaded complaint rule," which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly well pleaded complaint." *Caterpillar Inc. v. Williams,* 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987).

In *Merrell Dow, Pharmaceuticals Inc. v. Thompson,* 478 U.S. 804, 808, 106 S.Ct. 3229, 92 L.Ed.2d 650 (1986), the Supreme Court held that a claim "arises under" federal law, within the meaning of 28

---

1. Y2K compliance refers to the ability of electronic equipment to function properly during and after the transition from the year 1999 to the year 2000.

U.S.C. § 1331, if: (1) "federal law creates the cause of action," or (2) "the vindication of a right under state law necessarily turn[s] on some construction of federal law."

In *Merrell Dow*, the plaintiff claimed that the defendants' alleged violations of federal Food and Drug Administration regulations created federal question jurisdiction over his state law claims for negligence under the latter theory of jurisdiction. The Supreme Court found that even though the resolution of the plaintiff's dispute may have rested on the interpretation of federal regulations, the plaintiff's claim did not "arise under" federal law because the Food and Drug Administration's regulations did not create a private right of action. *Id.* at 817, 106 S.Ct. 3229. As the Ninth Circuit explained in *Utley v. Varian Assoc., Inc.*, 811 F.2d 1279, 1283, "[u]nder Merrell Dow, if a federal law does not provide a private right of action, then a state law action based on its violation perforce does not raise a 'substantial' federal question" sufficient to confer federal-question jurisdiction. *See also Millers Nat'l Ins. Co. v. Axel's Express, Inc.*, 851 F.2d 267, 270 (9th Cir.1988) ("Because [the plaintiff] possesses no private right of action under federal law, the fact that federal law might be an element in its state law claim is not sufficient to present a federal question supporting jurisdiction under 28 U.S.C. 1331.").

■ In the present case, defendants, relying on 28 U.S.C. 1331, argue that this action "arises under" the Y2K act because "plaintiff's right to relief necessarily depends upon the resolution of a substantial question of federal law."[2] (Def.Mem.Opp. at 8.)

The Y2K Act does create a number of procedural requirements that arguably apply to plaintiff's claims. In actions based on injuries suffered by reason of the actual or potential failure of electronic equipment due to the date transition from 1999 to 2000, the Y2K Act creates, *inter alia*, heightened pleading requirements, and provides for notice and opportunity to cure. *See* 15 U.S.C. § 6601 et seq. What the Y2K act does not create, however, is a federal cause of action. Indeed, Congress expressly manifested its intent not to create a federal cause of action in Section 4(b). *See* 15 U.S.C. § 6603(4)(b). ("NO NEW CAUSE OF ACTION CREATED.—Nothing in this Act creates a new cause of action . . .")

Further, the legislative history of the Y2K Act indicates that Congress, in enacting the legislation, did not intend to preempt the field. Appearing before the House Judiciary Committee on April 13, 1999, the Honorable Walter K. Stapleton testified that "[w]hile federal defenses and liability limitations established in the legislation may be raised in [state court actions], the bill recognizes that state courts are fully capable of applying these provisions and carrying out federal policy." 1999 Westlaw 16945862 at 2 (West 1999).

Accordingly, the Court finds that plaintiff's complaint does not present a claim "arising under" federal law, and that federal jurisdiction under 28 U.S.C. § 1331 does not exist over the present action.[3] Plaintiff's motion to remand is GRANTED.

**3. Attorney's Fees**

■ Plaintiff requests an award of attorney's fees and costs for the expenses

---

2. Defendants also claim that jurisdiction exists under 28 U.S.C. § 1337, conferring federal jurisdiction over cases "arising under" federal statutes regulating commerce. Because the "arising under" language of Section 1337 is interpreted in the same manner as the "arising under" language of Section 1331, the analysis is essentially the same. *See Garrett v. Time–D.C., Inc.*, 502 F.2d 627, 628 (9th Cir. 1974) ("[t]he "arising under" language in 1337 is interpreted in essentially the same way as the "arising under" phrase in 1331.") (citations omitted).

3. In light of the Court's ruling on this issue, plaintiff's remaining arguments in support of his motion for remand of this action need not be addressed.

that plaintiff has incurred in bringing his present motion for remand.

█ 28 U.S.C. § 1447(c) authorizes the district court, within its discretion, to "require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Such an award need not be based on a finding of bad faith. *See Moore v. Permanente Medical Group, Inc.*, 981 F.2d 443, 447 (9th Cir.1992). Given that removal in the present case was prompted by newly-enacted federal legislation, however, the Court declines to exercise its discretion to award fees and costs in this instance. Accordingly, the Court DENIES plaintiff's request for attorney's fees and costs under 28 U.S.C. 1447(c).

### CONCLUSION

Based on the reasons expressed, the Court hereby GRANTS plaintiff's motion and REMANDS this action to the Contra Costa County Superior Court.

The Clerk shall close the file.

**IT IS SO ORDERED.**