
**NOT FOR PUBLICATION**

## UNITED STATES COURT OF APPEALS

## FOR THE NINTH CIRCUIT

| | |
|---|---|
| DESERT SCHOOLS FEDERAL CREDIT UNION, an Arizona corporation, <br><br> Plaintiff - Appellee, <br><br> v. <br><br> TAKYSHA TRALISA JOHNSON, an individual; NICHELLE NICOLE BURTON, an individual; , <br><br> Defendants - Appellants. | No. 11-15522 <br><br> D.C. No. 2:10-cv-01482-SRB <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
Susan R. Bolton, District Judge, Presiding

Submitted June 12, 2012[**]
San Francisco, California

Before: FERNANDEZ, GOULD, and BEA, Circuit Judges.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

In this case, plaintiff-appellee Desert Schools Federal Credit Union filed a claim in Arizona state court against defendants-appellants Takysha Tralisa Johnson and Nichelle Nicole Burton for breach of contract based on an overdrawn checking account. Defendants removed the case to the U.S. District Court for the District of Arizona claiming federal question jurisdiction under 28 U.S.C. § 1331. They argued before the district court that federal question jurisdiction existed because as part of the state case, the credit union had disclosed a copy of the checking account contract which referred to the account being governed by United States laws and regulations and thus that the credit union had somehow "enlarged upon the allegations" in its complaint to include federal claims. Recognizing that the case was a "simple claim for breach of a written contract" which manifestly did not raise a federal question, the district court remanded the case. Two months later, the district court granted Desert Schools' motion for sanctions under Federal Rule of Civil Procedure 11 based on the unreasonable removal and awarded sanctions against only defendants' counsel Sylvia Thomas in the amount of the attorney's fees incurred before the district court. Ms. Thomas appeals the district court's award of Rule 11 sanctions against her on the sole ground that the district court lacked jurisdiction to enter such an award after the case had been remanded to state court. For the reasons below, we affirm.

The Supreme Court has long held that a district court retains jurisdiction to

impose Rule 11 sanctions even after a case has been dismissed. *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 394–98 (1990). Further, this court has held that a district court retains jurisdiction to award attorney's fees pursuant to 28 U.S.C. § 1447(c) after a case has been remanded to state court, as "it is clear that an award of attorney's fees is a collateral matter over which a court normally retains jurisdiction even after being divested of jurisdiction on the merits." *Moore v. Permanente Medical Group, Inc.*, 981 F.2d 443, 445 (9th Cir. 1992). In both *Cooter & Gell* and *Moore*, earlier actions had divested the court of jurisdiction over the subject matter of the cases. Thus, the district court had jurisdiction to impose Rule 11 sanctions in the amount of attorney's fees even after remanding the case to state court.

**AFFIRMED.**