**Ophelia Y. MOORE, et al., Plaintiffs,**

**v.**

**KAISER FOUNDATION HOSPITALS, INC., et al., Defendants.**

**No. C–90–3371–VRW.**

United States District Court, N.D. California.

June 15, 1991.

---

Stephen Von Till, Von Till & Associates, Fremont, Cal., Jerry Wilhelm, Santa Rosa, Cal., for plaintiffs.

William Jenkins, James Penrod, Hassard, Bonnington, Rogers & Huber, San Francisco, Cal., Robert W. Lamson, Craddick, Candland & Conti, Danville, Cal., Marc L. Pinckney, Bernard Allard, Popelka, Allard, McCown & Jones, San Jose, Cal., Kennedy P. Richardson, Andrew C. Hoye, Oakland, Cal., for defendants.

## ORDER AWARDING ATTORNEY FEES

WALKER, District Judge.

This medical malpractice case has been remanded to state court. Plaintiffs move for an award of attorney fees pursuant to 28 U.S.C. Section 1447(c). As amended in November 1988, § 1447(c) provides: "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." This order is an addition to and modification of the order issued in this case on February 25, 1991.

## I. BACKGROUND

On February 25, 1991, the court remanded this action. The court concluded that defendants had waived their right to remove primarily because defendants had previously sought to transfer the case from Alameda County Superior Court to San Mateo County Superior Court rather than removing directly to federal court and had made certain substantive motions in state court in related matters before removing.

Plaintiffs argue that their requested award of fees is proper upon remand, even if the removal was not frivolous or in bad faith. Further, even if a bad faith showing were required, plaintiffs argue that defendants' forum shopping "after first 'testing the waters' of the state court" is evidence of bad faith.

Defendants contend that any fee award under section 1447(c) is inappropriate where the removal was colorable and there has been no showing of bad faith. If the court need not find bad faith to decide *whether* to award fees upon remand, defendants ask the court to consider the absence of bad faith in setting the *amount* of fees

awarded. Finally, defendants contend that plaintiffs' declarations in support of motion for attorneys fees fail to provide an adequate basis for the court to determine the amount of fees spent to remand this case.

## II. THE NECESSITY OF A FINDING OF BAD FAITH IN ORDER TO AWARD ATTORNEYS' FEES UNDER SECTION 1447

■ By the plain language of revised 28 U.S.C. § 1447(c), Congress has authorized the court to award attorneys' fees upon remand. The statute simply provides that the court "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." The statute imposes no requirement that the court first make a finding of bad faith, or any other finding, before awarding fees. See Schwarzer, Tashima, and Wagstaffe, Civil Procedure Before Trial, 2:1110 ("[Section 1447] does *not* require a showing that the removal was 'frivolous' or 'vexatious' or lacked an 'objectively reasonable basis' as required for sanctions on other theories" (emphasis in original)).

Before the revision of § 1447(c) in November 1988, the statute provided only that the court "may order the payment of just costs." With language essentially identical to the revised statute, the former statute plainly imposed no requirement that the court first make a finding of bad faith, or any other finding, before awarding costs. Accordingly, the courts awarded costs without finding bad faith. *Cornwall v. Robinson,* 654 F.2d 685, 687 (10th Cir.1981) (cited in *Schmitt v. Insurance Co. of North America,* 845 F.2d 1546, 1552 (9th Cir.1988)); *Schmidt v. National Organization for Women,* 562 F.Supp. 210, 215 (N.D.Fla.1983) (same).

■ The language of former § 1447(c) did *not* explicitly provide for an award of fees. Thus, unlike costs, fees could not be awarded in the absence of a showing that the removal was not fairly supportable and that the removal was in bad faith. *Schmitt v. Insurance Co. of North America,* 845 F.2d 1546, 1552 (9th Cir.1988).

The amendments to 28 U.S.C. § 1447(c) make clear that a threshold determination

of bad faith is no longer necessary to award fees. Congress has authorized the award of costs *and* fees by the same language that it formerly used to authorize the award of costs alone. Congress' amendment of the statute reflects a greater willingness to permit courts to award fees upon remand. If Congress had intended to require a finding of bad faith before awarding fees, Congress could easily have so stated. At the very least, in extending the right to recover both fees and costs, it would not have used the language virtually identical to that which had been used to authorize the award of costs alone without any bad faith finding.

## III. THE PROPER AMOUNT OF FEES TO BE AWARDED IN THIS CASE

■ For the foregoing reasons, the court concludes that Congress has placed no limit on the amount of payment which the court may require of just costs and any actual expenses, including attorney fees, incurred as a result of the removal. The court may award none, some, or all of the fees incurred by the remanding party. As a matter of public policy, the party forced to bring a motion to remand an improperly removed case generally should be fully reimbursed for its costs in remanding the case whether the removal was in bad faith or otherwise. The court's award of fees in this case is not a punitive award against defendants; it is simply reimbursement to plaintiffs of wholly unnecessary litigation costs the defendants inflicted. Attorney fees spent to remand an improperly removed case without bad faith cost just as much as fees spent to remand a case removed in bad faith.

■ In deciding the proper amount of fees to be awarded, courts should seek to advance two important public policies. First, courts should discourage improper removal and compensate plaintiffs for unnecessary litigation costs. But second, courts should encourage accurate record keeping by parties and their counsel. Because of the inadequate records available in this case, the court shall not award the full $25,219.65 plaintiffs purport to have spent to remand this action.

■ Plaintiffs have not offered sufficient evidence in support of their fee request to explain the rates purportedly charged and the hours purportedly spent. Plaintiffs' counsel has represented to the court that because the overwhelming majority of his work is completed on a contingent basis, he does not charge an hourly rate or maintain hourly timesheets as does an attorney who charges his clients on an hourly basis. Obviously selecting some number out of thin air, plaintiff's counsel suggests $250 per hour as a reasonable rate for an attorney of his experience. Perhaps, the time of plaintiffs' counsel is worth that amount. But who is to know if he fails to keep time records? Plaintiffs' lawyers have no less reason to keep accurate time records than defendants' lawyers. Their stock in trade is time and effort no less than lawyers on the other side.

Plaintiffs' counsel also claims to have spent eighty-eight hours in December, 1990, working on matters related to the remand of this case and six and one half of his hours and five of an associate's hours bringing this motion for fees. But without time records, this claim also cannot be substantiated. Plaintiffs also request an award of costs in the amount of $844.65 associated with the motion to remand.

A salutary practice might be for courts not to apply fee shifting provisions in favor of lawyers who do not keep regular time records. But that seems harsh because the casual approach to law practice exhibited by plaintiffs' counsel is altogether too common. Moreover, to do so would defeat Congress' purpose in amending section 1447(c). So the question is how to value the efforts of plaintiffs' counsel. A 1988 survey by Altman & Weil, a well known management consulting firm specializing in the legal profession, found the average billing rate for lawyers in California with six to 10 years' professional experience to be $122. Altman & Weil Releases Results: 1988 Survey of Law Firm Economics, 1988 Texas Bar J. 852 (September 1988). Although plaintiffs' counsel has more than 10 years' experience, his failure to maintain business-like records is indicative of a substantially less experienced lawyer. The

Altman & Weil survey would thus appear to capture the fair market value of plaintiffs' counsel's services.

In the court's experience, knowledgeable clients do not compensate any lawyer for more than seven and one half hours per day, except possibly for trials. The temptation for churning hours is otherwise unavoidable. Accordingly, the court shall limit the hours recoverable for the eight working days between December 14 and December 27 to sixty hours. Thus, plaintiffs shall be reimbursed for the eight hours of work during the week of December 3, 1990, sixty hours for the period from December 14 to 27, and the eleven hours related to the motion for fees. Seventy nine hours at $122 per hour equals $9,638. Plaintiffs shall also be compensated for their costs of $844.65.

Under the discretion allowed by § 1447(c) to award none, some, or all of the costs and fees incurred as a result of removal, the court orders the defendants to pay plaintiffs $10,482.65 for the costs and fees incurred as a result of the removal. To this extent, plaintiffs' motion is GRANTED. Plaintiffs' counsel may submit a suitable form of judgment, if desired.