980 F.2d 738
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ophelia Y. MOORE, individually, and as guardian ad litem for
Lavonda Atkinson, Vonetta L. Atkinson and
Christopher M. Moore; Lavonda Atkinson,
a minor, et al.,
Plaintiffs-
Appellees,
Cross-Appellants,
v.
PERMANENTE MEDICAL GROUP, INC.,; Kaiser Foundation
Hospitals Inc.; Kaiser Foundation Health Plan,
Inc. Defendants-Appellants, Cross-Appellees.
 Nos. 91-16160, 91-16263.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 8, 1992.
Decided Dec. 10, 1992.
 
 Before TANG, PREGERSON and ALARCON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Plaintiffs appeal the amount of attorney's fees awarded by the district court pursuant to 28 U.S.C. § 1447(c), after granting plaintiffs' motion to remand the action to the Superior Court of California.[1] See Moore v. Kaiser Found. Hosp., 765 F.Supp. 1464 (N.D.Cal.1991). The plaintiffs also request attorney's fees on appeal.
 
 
 3
 An award of attorney's fees is subject to an abuse of discretion standard of review. Chalmers v. City of Los Angeles, 796 F.2d 1205, 1210 (9th Cir.1986), amended on other grounds, 808 F.2d 1373 (9th Cir.1987). The district court abuses its discretion if the record contains no evidence on which it could have rationally based its decision. Paul, Johnson, Alston & Hunt v. Graulty, 886 F.2d 268, 270 (9th Cir.1989).
 
 
 4
 A calculation of attorney's fees should begin with a calculation of the "lodestar" amount by multiplying the number of hours reasonably expended by a reasonable hourly rate. There is a strong presumption that the "lodestar" figure is the reasonable fee, Patton v. County of Kings, 857 F.2d 1379, 1382 (9th Cir.1988), but in certain "rare, exceptional cases, the lodestar figure may be adjusted upward or downward" in consideration of the factors listed in Kerr v. Screen Extras Guild, Inc., 526 F.2d 67, 70 (9th Cir.1975), cert. denied, 425 U.S. 951 (1976). D'emanuele v. Montgomery Ward & Co., Inc., 904 F.2d 1379, 1384 (9th Cir.1990).
 
 
 5
 The district court awarded $10,482.65 in costs and fees to attorney Von Till and $1,403.00 to attorney Wilhelm. Plaintiffs' counsel had requested $25,219.65 in costs and fees, but the district court reduced this amount due to insufficient evidence of both the hours spent and of a reasonable hourly rate.
 
 
 6
 The court reduced the hours purportedly spent to seven and one half hours per day, concluding that knowledgeable clients do not compensate any lawyer for more hours than that, except for trials. Von Till's declaration in support of the motion for attorney's fees did not break down the hours spent each day on the motion to remand, and did not provide time sheets in support of the motion. Upon order of the court, Von Till produced to defense counsel a computer "calendar" print-out indicating when each draft of the motion to remand was completed; Von Till did not reconstruct these records into an understandable or organized time record. Although the district court did not review the computer "calendar," the reduction of hours based on the lack of organized documentation was reasonable and does not constitute an abuse of discretion.
 
 
 7
 The district court also reduced the hourly rate requested by Plaintiffs' counsel. The court stated, "[o]bviously selecting some number out of thin air, plaintiff's counsel suggests $250 per hour as a reasonable rate for an attorney of his experience." Moore, 765 F.Supp. at 1466. The court instead chose the average rate for lawyers with six to ten years' experience, as reported in a 1988 survey, stating, "[a]lthough plaintiffs' counsel has more than 10 years' experience, his failure to maintain business-like records is indicative of a substantially less experienced lawyer." Id. In view of Plaintiffs' counsels' failure to provide any substantiation that counsel with similar experience would receive $250 per hour, the district court's reduction of the requested hourly rate was not an abuse of discretion.
 
 
 8
 Further, there is no basis in the record for an adjustment pursuant to the Kerr factors, and the district court did not abuse its discretion by failing to adjust the lodestar figure upward or downward. See Patton, 857 F.2d at 1382 (lodestar fee presumed reasonable).
 
 
 9
 Plaintiffs finally contend that the district court did not apply the same standards to defense counsel's request for attorney's fees in connection with an ex parte motion to extend the time to file an answer. Plaintiffs claim that although defense counsel only gave an unsubstantiated "estimation" of the hours incurred, the district court nevertheless ordered Plaintiffs to pay the entire requested amount. However, defense counsel did break down the hours spent on the motion, and the district court's award of fees was based on adequate documentation.
 
 
 10
 Defendants also contest the amount of attorney's fees awarded, arguing that most of the fees were not "incurred as a result of the removal", see 28 U.S.C. § 1447(c), because ERISA preemption would have been litigated in state court even if the case had not been removed.[2] We find that the services related to ERISA preemption were required for the motion to remand, and were thus "incurred as a result of the removal".
 
 
 11
 28 U.S.C. § 1447(c) authorizes the award of attorney's fees for improper removal, and an award of fees on appeal is within the discretion of this court. Cancellier v. Federated Dept. Stores, 672 F.2d 1312. 1320 (9th Cir.), cert. denied, 459 U.S. 859 (1982). Although we reject Plaintiffs' challenge on cross-appeal to the amount of fees awarded, Plaintiffs were successful in defending the award of attorney's fees against Defendants' attacks on appeal. See opinion concurrently filed with this memorandum disposition. The case will be remanded to the district court to award attorney's fees and costs incurred by Plaintiffs in opposing Defendants' appeal. See Jordan v. Multnomah County, 815 F.2d 1258, 1264 (9th Cir.1987).
 
 
 12
 AFFIRMED and REMANDED FOR AN AWARD OF ATTORNEY'S FEES AND COSTS INCURRED BY PLAINTIFFS IN OPPOSING DEFENDANTS' APPEAL.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Defendants' appeal challenging the attorney's fee award is addressed in a separate opinion filed concurrently with this memorandum disposition
 
 
 [2]
 A motion for summary judgment relating to ERISA preemption is now pending in the state court action